(67 Misc. Rep. 545.)

### BIGELOW v. HOPKINS et ux.

(Erie County Court. May 21, 1910.)

LANDLORD AND TENANT (§ 296*)—REMOVAL OF LIFE TENANT—SUMMARY PRO-
CEEDINGS.

An ordinary life tenancy is not within the scope of Code Civ. § 2231, providing for the removal by summary proceedings, as prescribed in the title of which it is a part, of a tenant at will, by sufferance, or part of a year, or for one or more years.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1273; Dec. Dig. § 296.*]

Summary proceedings by Charles C. Bigelow to remove David Hopkins and wife from certain premises. Proceedings dismissed.

Charles Newton, for petitioner.
A. J. & J. Knight, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

TAYLOR, County Judge. This is a summary proceeding. The respondents are occupying certain premises under a document reading as follows:

"A lease made and executed between Adelle Martin, of the first part, and David Hopkins and Eunice Hopkins, his wife, of the second part, the 1st day of June 1900.

"In consideration of the rents and covenants hereinafter expressed, the said party of the first part has demised and leased, and does hereby demise and lease to the said parties of the second part the following premises, namely: A house and lot situated at Sardinia, Erie county, N. Y., now occupied by the said parties of the second part, with the privileges and appurtenances, for and during the term of the natural lives of the said parties of the second part, from the 1st day of June, 1900, which term shall end at the death of the said parties of the second part or the survivor of them. And the said parties of the second part covenant that they will keep said premises in good repair, as a consideration for the use of said premises.

"Signed and sealed."

The petitioner claims to be the owner of the premises under a deed from said Adelle Martin. He has heretofore recovered a money judgment in a justice's court of this county against the respondents on account of the failure of respondents to make repairs.

This proceeding is brought under section 2231 et seq. of the Code of Civil Procedure; the claim being nonpayment of rent, on the theory, as I gather it, that the default under the clause requiring respondents to keep the premises in good repair is a nonpayment of rent, and that thereby, demand having been made, summary proceedings lie.

It is a grave question in my mind whether under any view of the statute the failure to make repairs under this lease could be construed as a nonpayment of rent as contemplated by said section 2231. However, since the respondents must succeed for other reasons, it is not necessary to pass on this here.

I have satisfied myself that an ordinary life tenancy is not within the scope of said section 2231, for clearly it is not a tenancy at will, by the sufferance, for part of a year, or for one or more years. It has long been settled by respectable authority that this statute, since it furnishes a quick and drastic remedy, must be strictly construed. This lease contains no "limitation"—an expression well known to the law of landlord and tenant—so that by virtue of the happening of a prescribed event the term set in the lease would expire. Therefore since section 2231 does not in terms cover ordinary leases for life, and this lease contains nothing whereby its term could be limited to less than the lives mentioned therein, the petitioner has mistaken his remedy.

It follows that the respondents may have a final order dismissing the proceeding, with costs, pursuant to section 2250 of the Code of Civil Procedure.